EDMUND SCHENK, Appellee, v. JAMES MOORE et al., Appellants.

No. 44763.

JUNE 20, 1939.

1314

Owen Cunningham, for appellee.

Paul W. Walters, for appellants.

BLISS, J.—The collision occurred in Des Moines, at 3:30 o'clock in the afternoon of January 18, 1938, at the intersection of Cottage Grove avenue and West 35th street. It was a gloomy, winter day, without fog. The streets were pretty well coated with ice and slippery. Thirty-fifth street runs north and south and intersects Cottage Grove avenue at right angles. The latter is about thirty-two feet wide, and the other, about twenty-six feet wide. There is a row of trees on each side of Cottage Grove avenue between the sidewalks and the curb. Residences are on almost every lot. The house at the southeast corner of the intersection is built on a terrace, about four feet high above the sidewalk, somewhat obscuring the vision on both streets. Plaintiff's automobile was a Chevrolet sedan, weighing about 3,200 pounds, which his father was driving north on 35th street about four feet from the east curb. The driver's fourteen-year-old daughter, who was his only companion, sat at his right. Under the evidence there was ample warrant to find that the driver was proceeding cautiously, and that he brought the car almost to a stop about five or six feet south of the intersection. At this place both he and his daughter testified that they looked to the east up Cottage Grove avenue, where they had an unobstructed view for more than a block, and saw no car approaching. The driver then shifted to second gear and started north across the intersection. Because of the ice the car wheels spun around and he had difficulty getting in motion. When he was about halfway across, and when the car, still in second gear, was traveling about twelve miles an hour, he looked to the east and saw the defendant's car about fifty feet away and approaching at a speed of thirty-five miles an hour. He tried to go forward out of the way, but the defendant's car came on with undiminished speed, and struck his car at about its center on the right side. The collision was in the northeast quarter of the intersection. Plaintiff's automobile was skidded and pushed about twenty feet west until it struck the west curb of 35th street broadside and turned on its left side and then on its top, in the parking west of 35th street and north of Cottage Grove.

The Moore car was a Ford pick-up truck owned by James

and driven by his brother, William. It was proceeding west at a speed according to the driver of about twenty miles an hour. He testified that he first saw the plaintiff at the south line of the intersection, when he was at the east line. The physical facts cast serious doubt on this statement. A witness for plaintiff, from her front window on the second lot east of 35th street and north of Cottage Grove, testified that she saw both cars approaching the intersection, the speed of the defendant's car being forty-five miles an hour, and that of the plaintiff's, twenty-five miles an hour. She testified that plaintiff's car slowed up but did not come to a dead stop at the intersection, and that at this time, the defendant's car was then in front of her home, which was at least seventy-five feet east of the east line of the intersection. On cross-examination she qualified this somewhat, under computations stated by counsel, by saying that each car was about seventy-five feet from the intersection when she first saw them.

Plaintiff's driver testified that if he had seen the defendant's car after he got into the intersection and before he reached the center, his brakes were such that he could have stopped his car, but he didn't see the car until he reached the center.

Defendants based their motion to direct a verdict for them on these last two items of testimony. Defendants do not seriously contend that the driver of their car was not negligent, but rely upon the contributory negligence of plaintiff's driver. There is some dispute in the testimony, but there is sufficient evidence to sustain the verdict.

Its weight and the credibility of the witnesses were for the jury. The trial court, who heard the testimony and saw the witnesses, overruled defendants' motion to direct, and motion for new trial.

Reasonable minds might reasonably disagree on the fact issues. We therefore affirm the judgment.—Affirmed.

MITCHELL, C. J., and HALE, SAGER, HAMILTON, STIGER, OLIVER, MILLER, and RICHARDS, JJ., concur.